[Cite as *In re D.T.*, 2018-Ohio-2993.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

IN RE: D.T.

C.A. Nos.     18CA0002-M
                    18CA0004-M
                    18CA0006-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE Nos.     2017 08 DQ 0419
                     2017 10 DQ 0563
                     2017 11 DQ 0596

DECISION AND JOURNAL ENTRY

Dated: July 30, 2018

CALLAHAN, Judge.

{¶1}     Appellant, D.T., appeals the judgment of the Medina County Court of Common Pleas, Juvenile Division. This Court dismisses the appeals.

I.

{¶2}     D.T. (d.o.b. 3/1/00) was 17 years old when a complaint was filed in Ashland County Juvenile Court, alleging him to be a delinquent child by reason of one count of burglary, a felony of the third degree if committed by an adult. The child admitted to the charge and was adjudicated delinquent. A complaint alleging another count of burglary, arising out of another incident shortly after the first, was filed against the child in Medina County Juvenile Court. Because D.T. resided in Medina County, Ashland County transferred its case against him to Medina for purposes of disposition. During the pendency of these two cases, the State filed

additional complaints alleging probation violations and various misdemeanor offenses by the juvenile.

{¶3} Because of the violent nature of the charges, the child's ongoing behavioral issues, and the risk presented by the child to himself and others, D.T. was confined to the detention center for much of the time during the pendency of these matters. At various times, the juvenile moved for release to his mother for purposes of attending medical and mental health appointments. Because the Sheriff's department was able to facilitate transportation, or the examinations/evaluations could be performed at the detention center, the juvenile court denied D.T.'s requests.

{¶4} Eventually, D.T. filed a "Motion for Release to Mother for Inpatient Admittance of Juvenile at Fairview Hospital for Evaluation for Admittance to the Psychiatric Locked Ward for Three Day Evaluation or Alternative Transport by Medina County Sheriff's Department." The juvenile filed his motion solely in the burglary case arising in Medina County. Although D.T. was confined in the detention center at the time, he was no longer being confined on that particular case. Counsel for D.T. later acknowledged that she had filed the motion under an "inopportune" case number.

{¶5} The motion for release alleged that the child had attempted suicide by trying to cut his arms with plastic eating utensils. At a hearing before the magistrate, the parties had the opportunity to present arguments. The magistrate issued a decision denying the motion, "subject to review should further information become known or become available to the Court or further needs arise." The juvenile court subsequently adopted the magistrate's decision. D.T. filed objections to the magistrate's decision.

**{¶6}** The following day, the juvenile filed an ex parte motion for an order committing him to a hospital for a three-day mental health evaluation. The juvenile court held a multi-issue hearing,[1] at which the parties discussed how best to facilitate evaluation of the child's mental health issues. The court acknowledged D.T.'s pending objections and indicated its intent to resolve them by ordering the child's transfer to a hospital for evaluation and later commitment, if warranted by the professionals.

**{¶7}** Subsequently, the juvenile court issued a judgment entry denying D.T.'s ex parte motion for lack of accompanying affidavits or other documentation in support. It ordered relief in reconsideration of the magistrate's decision, however, and ordered the transport of the juvenile to a hospital for evaluation to determine whether he met the criteria for commitment to a mental health facility. The court noted that the evaluation had resulted in a recommendation for hospitalization. Accordingly, D.T. was referred for hospitalization and transported to Fairview Hospital. Fairview conducted another evaluation and determined that D.T. did not in fact meet the criteria for commitment; and the juvenile was, therefore, returned to the detention center, where he was placed under protective mental health watch.

**{¶8}** All of the complaints against D.T. were ultimately disposed. He was adjudicated delinquent on all charges after entering his admissions, and the juvenile court ordered lawful dispositions. In the end, he was committed to the custody of the Ohio Department of Youth Services for an indefinite term of six months up to the age of twenty-one years.

**{¶9}** Thereafter, presumably in the interest of docket resolution, the juvenile court issued a judgment entry disposing of D.T.'s objections to the magistrate's decision that had

---

[1] The hearing also encompassed an initial appearance on new charges and a status on pending charges.

denied his motion for release for evaluation for commitment to a mental health facility. The juvenile court overruled the objections as moot, based on its independent order transporting D.T. to a hospital for evaluation, and subsequent transfer to Fairview Hospital. D.T. filed timely appeals from the juvenile court's (1) initial adoption of the magistrate's decision prior to the filing of objections; (2) judgment entry denying his motion for an ex parte order for a three-day commitment for a mental health evaluation on procedural grounds, but ordering the juvenile's transfer to a hospital for evaluation on substantive grounds; and (3) judgment entry overruling the objections to the magistrate's decision as moot. The three appeals were consolidated. The juvenile raises one assignment of error for review.

## II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION MAKING FINDINGS OF FACT JOURNALIZED IN ITS JUDGMENT ENTRY WITHOUT EVIDENCE OR EVIDENTIARY HEARING.

{¶10} The juvenile argues that the juvenile court erred in its rulings arising out of his requests for transport to a hospital for a mental health evaluation for purposes of determining his qualification for commitment to Fairview Hospital. Because D.T. has not demonstrated that he was aggrieved, this Court declines to address his assignment of error.

{¶11} As an initial matter, we note that D.T. has not appealed from the final dispositions of any of his delinquency cases. He does not argue that his admissions were involuntary or that the juvenile court imposed dispositions that were contrary to law. He merely seeks reversal and remand to the juvenile court to address orders relating to the management of his alleged mental health issues during his confinement at the detention center, i.e., issues ancillary to the disposition of his delinquency matters.

{¶12} This Court has enunciated the relevant law as follows:

An appeal lies only on behalf of the party who is aggrieved by the judgment. The sole purpose of an appeal is to provide the appellant an opportunity to seek relief in the form of a correction of errors of the lower court that injuriously affected him. The test of the right to appeal lies in whether or not one is an aggrieved party – a party who has suffered some loss. The burden is on the appellant to establish that he is an aggrieved party whose rights have been adversely affected by the trial court's judgment.

(Internal quotations and citations omitted.) *In re A.L.W.*, 9th Dist. Summit No. 27312, 2016-Ohio-911, ¶ 24.

{¶13} In this case, D.T. requested release from detention to a hospital for evaluation to determine whether he qualified for mental health commitment at Fairview Hospital. Although his request was initially denied, the juvenile court on reconsideration ordered his transport. D.T. was evaluated, and approved for transfer to Fairview Hospital for further evaluation. Fairview ultimately determined that the juvenile did not meet the criteria for commitment for treatment. Accordingly, D.T. received precisely the relief he had requested: evaluation for commitment to Fairview. He recognized that the juvenile court had no authority to order a direct commitment. Rather, it could only transport the juvenile and refer him for evaluation. That Fairview ultimately concluded that he did not qualify for commitment does not detract from the fact that the juvenile court granted the relief he requested in his motion for release. Under these circumstances, this Court concludes that none of the errors complained of by D.T. injuriously affected him or caused him to suffer any loss. *See BFG Fed. Credit Union v. CU Lease, Inc.*, 9th Dist. Summit No. 22590, 2006-Ohio-1034, ¶ 36-37. As D.T. is not an aggrieved party, no appeal lies and this Court is precluded from considering his arguments in his assignment of error.

Appeals dismissed.

---

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
CARR, J.
CONCUR.

APPEARANCES:

PATRICIA F. LOWERY, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.

TONY PAXTON, Guardian ad Litem.